IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

FRANCIS GRANDINETTI                                                                         PLAINTIFF

v.                              Civil No. 06-2052

PRESIDENT GEORGE W. BUSH;
LINDA C. LINGLE, Governor of the State
of Hawaii; CORRECTIONS CORPORATION
OF AMERICA (CCA); UNITED STATES
MARSHAL'S SERVICE; UNITED STATES
DEPARTMENT OF JUSTICE                                                                    DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Francis Grandinetti filed this pro se action on May 5, 2006. Grandinetti's "complaint and *in forma pauperis* (IFP)" application is a single document that he entitled a petition for federal habeas corpus under 28 U.S.C. § 2241 and IFP application. The undersigned had the complaint provisionally filed as a federal civil rights action by order entered on May 5, 2006.

The "IFP application" is before the undersigned for a determination of whether it should be granted. The case is also before the undersigned for a determination of whether it should be served upon the defendants.

### I. Background

According to the allegations of the complaint, the United States of America has Grandinetti on "federal transportation status." He asserts he has been transferred from state to state from 1996 until 2006.

-1-

He alleges he has been unlawfully arrested, interrogated, and imprisoned in Minnesota, Iowa, Missouri, and Arkansas. With respect to Arkansas, he alleges he was taken in transit through Ft. Smith, Little Rock, and Helena, Arkansas, on June 3 and June 4, 2004. Thereafter, he alleges he was illegally taken to Mississippi.

He challenges defendants' application of the Prison Litigation Reform Act (PLRA), the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, the Venue Act, and the Patriot Act to him. Grandinetti refers the court to "co-case" 5:06-CV-00057 in the Northern District of Texas and 97-41034 in the United States Court of Appeals for the Fifth Circuit. He notes that the Fifth Circuit has ruled that he is a "prisoner" and he denies the "Fifth Circuit judicial jurisdiction and allegations." With respect to his request to proceed IFP, Grandinetti merely states he wishes to proceed IFP under 28 U.S.C. § 1915.

## II. Discussion

According to multiple orders entered by numerous courts, *see U.S. Party/Case Index*, PACER Service Center, available at http://pacer.psc.uscourts.gov (PACER), Grandinetti, is a Hawaiian inmate incarcerated in Tallahatchie County Correctional Facility in Tutwiler, Mississippi. *See e.g., Grandinetti v. United States Attorney Daniel Bent, et al.*, Civil. No. 06-00147 (D. Hawaii)(3/20/2006--order dismissing complaint as barred by the three strikes rule contained in 28 U.S.C. § 1915(g)). He was convicted in the State of Hawaii in March of 1994 on one count of forgery and three counts of theft. *See e.g., Grandinetti v. Tallahatchie County Correctional Facility,* Civil No. 2:06-MC1-JAD (N.D. Miss.)(2/27/2006–order denying the filing of the complaint pursuant to the three strikes rule and prohibiting Grandinetti from filing further pleadings). Grandinetti has filed in excess of thirty actions in the federal courts. *See* PACER.

We conclude Grandinetti is not eligible for IFP status. As part of the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321, signed into law on April 26, 1996, section 1915, which governs proceedings filed IFP, was amended in an effort to address concerns about, and reduce the number of, frivolous prisoner initiated lawsuits. 28 U.S.C. § 1915. Prior to the PLRA's amendments to § 1915, a prisoner who attained IFP status was exempted from paying court fees. After the enactment of the PLRA, prisoners granted IFP status are required to pay the filing fee but are allowed to do so in installments. 28 U.S.C. § 1915(b).

The PLRA also added subsection 1915(g) which limits the ability of a prisoner, who has filed at least three claims that have been dismissed as frivolous, malicious, or for failure to state a claim, to obtain IFP status. Specifically, § 1915(g) provides that:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This provision has commonly become known as the "three strikes rule" or the "three strikes provision" and has withstood constitutional challenges. *See e.g., Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).

In this case, in an apparent effort to avoid application of the "three strikes rule" Grandinetti has attempted to characterize his complaint as a habeas petition and has alleged he is in "federal transportation status" not a prisoner. We find these arguments to be without merit.

AO72A
(Rev. 8/82)

While Grandinetti entitles this case a "habeas corpus" claim under 28 U.S.C. § 2241,[1] it is clear, as was noted in the order provisionally filing the case, that this is not a habeas corpus petition. *See e.g., Presier v. Rodriquez*, 411 U.S. 475, 489-90, 499-500, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973)(inmate challenging duration of his physical imprisonment must exhaust state remedies and petition for a writ of habeas corpus); *Adams v. Agniel*, 405 F.3d 643 (8th Cir. 2005)(an attack on the validity of confinement must be pursued through a habeas petition after exhausting state remedies; inmate was not challenging legality of his sentence or seeking immediate or speedier release and case was not properly characterized as a habeas petition); *Andrews v. King*, 398 F.3d 1113, 1122 n. 12 (9th Cir. 2005)("[S]ome habeas petitions may be little more than 42 U.S.C. § 1983 actions mislabeled as habeas petitions so as to avoid the penalties imposed by 28 U.S.C. § 1915(g); *Abdullah v. Hedrick*, 392 F.3d 957 (8th Cir. 2004)(§ 2241 can only be used to challenge a sentence or conviction when a habeas corpus petition under § 2255 (individuals in federal custody) would be inadequate or ineffective). In such cases, the district court may determine that the dismissal of the habeas petition does in fact count as a strike for purposes of § 1915(g)."); *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996)(court must look to substance of relief sought to determine if action is § 1983 suit or habeas corpus action; prisoner's labeling of suit is not controlling); *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991)(If a plaintiff has mislabeled his suit, it is proper for the court to ignore the mislabeling). Instead, plaintiff maintains his federal constitutional rights have been violated by the manner in which he has been transferred from one facility to the next and in the application of various federal laws, including the Prison Litigation Reform Act (PLRA), to him.

---

[1] Dismissed habeas petitions do not count as strikes. *See e.g., Andrews v. King*, 398 F.3d 1113 (9th Cir. 2005).

AO72A
(Rev. 8/82)

The term "prisoner" is defined to mean: "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). Grandinetti is detained at the Tallahatchie County Correctional Facility pursuant to criminal convictions.[2] Clearly, he is a prisoner as defined by the PLRA.

Grandinetti makes no allegation that he is in imminent danger of serious physical injury. His transport through the State of Arkansas occurred in 2004 according to the allegations of his complaint. He is confined in Mississippi and has not alleged any immediate, continuing, or future danger. *See e.g., Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)(imminent danger of serious physical injury must exist at the time the complaint or appeal is filed, not when the alleged wrongdoing occurred); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998)(imminent-danger exception satisfied when inmate alleged that despite his continued complaints and having been stabbed twice before, prison staff continued to place him near his known enemies and threatened to transfer him near his enemies). Moreover, from the other cases he has filed, it was noted in April of this year that he had been incarcerated in Mississippi for at least the past year and one half. *Grandinetti v. Governor Lingle*, Civil No. 06-00137 HG-LEK (D. Hawaii April 3, 2006).

Grandinetti has filed numerous complaints in various Federal District Courts and Courts of Appeals since 1996. *See e.g., Grandinetti v. Tallahatchie County Correctional Facility,* Civil No. 2:06MC1-JAD (N.D. Mississippi–Delta Division--February 27, 2006). He has been noted

---

[2] The court is permitted to take judicial notice of judicial opinions and public records. *See e.g., Stutzka v. McCarville*, 420 F.3d 757, 761 n. 2 (8th Cir. 2005).

to be an "abuser of the IFP privilege" and said to have been allowed "for too long . . . to use the federal court system as his private playground in which to engage in recreational litigation." *Id.* In the Northern District of Mississippi, even after Grandinetti was barred from filing further IFP actions pursuant to the three strikes provision, he submitted four other cases for filing and submitted other pleadings daily. *Id.* The Northern District of Mississippi imposed sanctions and prohibited Grandinetti from filing any other pleadings other than those related to appeals. *Id. See also Grandinetti v. Corrections Corp. of America, et al.*, No. 5:06-057-C (N.D. Texas March 30, 2006)(dismissing case under three strikes rule, because it was frivolous, barring plaintiff from filing any lawsuit or civil action in the court without it first being reviewed by an Article III judge, barring plaintiff from filing any further pleadings or papers in the case except a notice of appeal, and imposing monetary sanctions).

In addition to the cases mentioned above, Grandinetti has had a number of other cases dismissed as frivolous. *See e.g., Grandinetti v. United States Marshals Service*, Civil No. 00-00489 SOM-KSC (D. Hawaii Aug. 1, 2001); *Grandinetti v. Bobby Ross Group Inc., et al.,* Civil No. 96-00117 (E.D. Texas March 5, 1999); *Grandinetti v. Iranon, et al.,* Civil No. 96-00101 (E.D. Texas Jan. 26, 1998); *Grandinetti v. Iranon, et al.,* Civil No. 96-00118 (E.D. Tex. July 20, 1998). Finally, Grandinetti has been denied IFP status based on the three strikes rule on a number of occasions. *See e.g., Grandinetti v. Governor Lingle*, Civil No. 06-00137 HG-LEK (D. Hawaii April 3, 2006); *Grandinetti v. Corrections Corporation of America*, No. 5:06-CV-057-C (N.D. Texas March 30, 2006); *Grandinetti v. United States Attorney Daniel Bent*, Civil No. 00-147 DAE-LEK (D. Hawaii March 20, 2006); *Grandinetti v. Governor Ariyoshi*, Civil No. 06-00146 JMS-LEK (D. Hawaii March 15, 2006); *Grandinetti v. United States Marshal*, Civil

No. 2:06-MCJ-JAD (N.D. Miss. February 14, 2006); *Grandinetti v. Dr. W.B. Johnson, Jr.*, Civil No. 2:05MC12-JAD (N.D. Miss. December 6, 2005).

Therefore, Grandinetti is not eligible for IFP status. However, having brought this action, Grandinetti remains obligated to pay the full filing fee of $350. *See* 28 U.S.C. § 1915(b)(1).

For the reasons discussed below, this case also is subject to dismissal because it is frivolous. First, a *Bivens* claim cannot be brought against the United States, its agencies, or its employees in their official capacities. *FDIC v. Meyer*, 510 U.S. 471, 484-86, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994). *See also Nixon v. Fitzgerald*, 457 U.S. 731, 756, 102 S. Ct. 2690, 73 L. Ed. 349 (1982)(President of the United States entitled to absolute immunity from civil liability for his official acts). Similarly, a *Bivens* claim cannot be brought against a private entity who engaged in an alleged constitutional violation while acting under color of federal law. *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001).

Second, there appears to be no basis for either subject matter jurisdiction or personal jurisdiction over Linda Lingle, the Governor of Hawaii. The complaint contains only the most vague and conclusory allegations and makes no mention of any specific action or conduct on the part of Governor Lingle. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985)(although pro se pleadings must be liberally construed, broad and conclusory allegations warrant dismissal). Further, there is nothing to suggest the Governor Lingle purposely availed herself of the benefits and protections of the State of Arkansas. *See e.g., Porter v. Berall*, 293 F.3d 1073, 1075 (8th Cir. 2002).

Third, this court does not have jurisdiction by virtue of the existence of diversity of citizenship. The United States and its agencies are not citizens for diversity purposes and cannot

AO72A
(Rev. 8/82)

be sued in diversity. *See e.g., Texas v. ICC*, 258 U.S. 158, 160, 42 S. Ct. 261, 66 L. Ed. 2d 531 (1922); *General Ry. Signal Co. v. Corcoran*, 921 F.2d 700, 703 (7th Cir. 1991). Further, the claims against Governor Lingle are against her in her official capacity making the suit one against the State of Hawaii. *See Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). A state has no citizenship for purposes of establishing diversity jurisdiction. *Moor v. County of Alameda*, 411 U.S. 693, 717, 93 S. Ct. 1785, 36 L. Ed. 2d 596 (1973). Nor is venue proper in this court. *See* 28 U.S.C. § 1391 (venue provision applicable to diversity cases).

Fourth, the United States and its agencies have sovereign immunity from suit and can only be sued with their consent and under whatever terms Congress may impose. *United States v. Sherwood*, 312 U.S. 584, 61 S. Ct. 767, 85 L. Ed. 1058 (1941). Thus, defendants are not subject to suit under the general common law or under any statute that does not contain a wavier of sovereign immunity.

Fifth, to the extent Grandinetti challenges his incarceration and conviction, his claims are barred. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that claims for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. *See also Martin v. Sias*, 88 F.3d 774 (9th Cir. 1996)(collecting cases applying *Heck* to actions under *Bivens v. Six Unknown Named Agents of*

*Federal Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)(a claim that a federal official has violated an individual's constitutional rights is considered a *Bivens* action). This is true even if Grandinetti's time for filing a state postconviction motion has passed. *See e.g., Cunningham v. Gates*, 312 F.3d 1148, 1153 n. 3 (9th Cir. 2002)(noting *Heck* barred § 1983 claims despite fact that habeas relief was time-barred).

### III. Conclusion

I therefore recommend that:

(1) Grandinetti's application to proceed IFP status be denied on the grounds he has more than three strikes under the Prison Litigation Reform Act;

(2) Grandinetti's claims be dismissed on the grounds the claims are frivolous and fail to state claims upon which relief may be granted; and

(3) the clerk be directed to collect the $350 filing fee pursuant to the Prison Litigation Reform Act.

**Grandinetti has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Grandinetti is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of May 2006.

    /s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE